## Fisk *versus* Duncan.

1. Where one purchased three tracts of ground for a round sum, but secured all the unpaid purchase-money by a mortgage upon only one of the tracts, taking title thereto under a separate deed, *Held*, that although the original purchase was an entire contract, yet the parties to it by conveying the title under two separate deeds, and by securing all the unpaid purchase-money upon one tract, had severed it.

2. *Held*, in an action upon this mortgage, that the purchaser could not set up as a defence thereto that the title to the other two lots, which were not included in the mortgage, had failed.

November 23d 1876.   Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1876, No. 153.

Scire facias by Fisk, to the use of Humphrey, against Duncan, upon a purchase-money mortgage of a tract of eighty acres sold by Fisk to Duncan, purporting to be "made for the better securing the purchase-money" of the said tract.   Under a plea of payment with leave, &c., the defendant set up an alleged defect in the title to two other tracts of land, containing one and ten acres respectively, which he had bought from the plaintiff and which were together conveyed to him by a separate deed of special warranty.   The defendant testified that the purchase of all three tracts was a single transaction, that the price agreed upon was a round sum, without regard to the price of each particular tract, that the property had been conveyed to him by two separate deeds at his own request, and that the mortgage in suit was given to secure the unpaid purchase-money on all the tracts.   The two deeds bore date the same day. It was not disputed that Duncan's title to the two smaller tracts was defective.

It was agreed that the jury should find the damages sustained by the defendant by reason of the defect in the title to the one and ten acre tracts and that if the court should be of opinion that the defendant might show the failure of his title to those tracts as a defence to this action, then judgment should be entered for him for costs ; if otherwise, then judgment should be entered for the plaintiff for $500, with interest from August 9th 1871, together with five per cent. attorney's commission.   After argument the court below (Lowrie, P. J.) ordered a judgment on the reserved point for the defendant for costs ; the plaintiff then took this writ of error.

[Fisk v. Duncan.]

*G. F. Davenport*, for the plaintiff in error.

*Guthrie & Byles*, for the defendant in error.

Mr. Justice PAXSON delivered the opinion of the court January 2d 1877.

It is well settled that a vendee of real estate may set up as a defence to a scire facias upon a purchase-money mortgage that the title has failed in whole or in part. Where, however, the purchase-money has been paid, and the title proves defective, the vendee in the absence of fraud can recover it back only upon the covenants in his deed. If his deed contains no apt covenants for that purpose he has no remedy : Steinhauer *v.* Witman, 1 S. & R. 438 ; Kerr *v.* Kitchen, 7 Barr 486 ; Cross *v.* Noble, 17 P. F. Smith 721. In this case the plaintiff sold to the defendant eighty acres of land on the 9th of August 1870, and upon that day took a mortgage upon the same to secure the sum of $2000, in which it was expressly stated that it was made for the "better securing of the purchase-money of the above-described land." It was not alleged as a defence to the scire facias issued upon this mortgage that there had been any failure of title to the eighty acres of land described therein. But the defendant sets up a failure of title to two other tracts of land, one containing ten acres and the other one acre, sold by the plaintiff to the defendant by another and separate deed of special warranty. It is very evident that if the purchase-money of the last-named pieces of land has been fully paid, the remedy of the defendant is upon the covenants in his deed, provided there are apt covenants therein. The contention of the defendant was, however, that the purchase-money on said lots had not been fully paid ; that the three tracts were all purchased at the same time for the round sum of $3300, on which $1300 was paid in cash, and a mortgage given for the balance of the purchase-money on the eighty acre tract only ; that the two smaller lots were conveyed to the defendant by a separate deed at his own request. The defendant was admitted to testify to this state of facts without objection. Assuming the facts to be as stated by him we are unable to see how he is to be benefited thereby. The previous negotiations and understanding of the parties were merged in the deeds and mortgage. If the contract was originally entire it was competent for the parties to divide it. When they came to close it up they did divide it. The defendant accepted a separate deed for the smaller lots, clear of any charge for purchase-money, and secured the entire balance of the purchase-money upon the eighty acres. This left nothing due upon the smaller lots. If the title has failed as to these, and there are no apt covenants in the defendant's deed to sustain a suit to recover back the purchase-money, it is his misfortune. The mortgage upon the eighty acres has been made by his own act a separate trans-

[Fisk *v.* Duncan.]

action, and he cannot now defend against it on the ground of a failure of title as to the smaller lots. It follows from what has been said that the learned judge of. the court below erred in entering judgment for the. defendant upon the reserved question.

And now, January 2d 1877, the judgment is reversed, and judgment is entered in favor of the plaintiff upon the point reserved, for the sum of $500, with interest from August 9th 1871, together with five per cent. attorney's commissions.